## COMMONWEALTH *vs.* JAMES FARRELL.

Bristol. October 28. — 30, 1884. C. ALLEN & COLBURN, JJ., absent.

At the trial of a complaint for maintaining a tenement used for the illegal sale of intoxicating liquors, a witness, who testified to seeing sales of such liquors by the defendant to several persons, also testified that he was employed by a certain association to procure evidence of illegal sales of intoxicating liquors. The defendant asked the judge to rule that the fact that the witness did not fortify his evidence by producing the persons to whom the sales were made, to testify, if he could have done so, was "a proper matter for consideration in weighing his testimony." The judge declined so to rule; and ruled that "the witness had nothing to do with summoning and procuring witnesses, as that was the duty of the district attorney." *Held*, that the defendant had no ground of exception.

COMPLAINT under the Pub. Sts. *c.* 101, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a certain tenement in New Bedford used for the illegal sale and illegal keeping of intoxicating liquors, on October 1, 1883, and on divers other days and times between that day and April 15, 1884. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

One Jules Gugiel testified to seeing sales of intoxicating liquor by the defendant on his premises to four different persons, on December 4, 1883; but, on cross-examination, he could give no description of the persons to whom the alleged sales were made, or identify them in any way; and testified that he took no pains to discover who they were, or to have them produced as witnesses. He further testified that he was employed by the law and order league, an association of persons formed for the suppression of illegal liquor traffic, in obtaining evidence of illegal sales of intoxicating liquor, and was paid fourteen dollars per week and his travelling and hotel expenses, and also had witness fees in cases where he testified; that he was the only witness who testified for the government, as to any sales of liquor, at the trial in the lower court; and that his testimony in that court as to the description of the premises was in various particulars erroneous; and he gave a different description of the same at this trial.

One Weston testified, for the government, as to sales of lager beer and ale, made on December 31, 1883, by the defendant, to

different persons. He also testified that he was employed by the same law and order league, in the same manner as Gugiel, and received the same compensation; that he could give no description of the persons to whom the alleged sales were made, nor identify them in any way; that he took no pains to ascertain who they were, or to have them produced as witnesses; and further testified to the appearance of the premises, and identified the defendant as the person who made the sales.

The defendant asked the judge to instruct the jury as follows : " 1. If the witnesses, Gugiel and Weston, were engaged in the business of procuring evidence of the violation of the liquor law for hire and reward, and it is fairly inferable that the permanence of their employment was dependent upon their success in securing convictions, they are interested witnesses, and the jury are to take that fact into consideration in weighing their testimony. 2. If, by fair and reasonable diligence, they could have fortified their testimony by producing the persons whom they saw illegally buying intoxicating liquors to testify, and they designedly omitted or failed so to do, that is a proper matter for consideration in weighing their testimony. 3. The fact that Gugiel has made contradictory statements in this case affects the weight and effect of his testimony, and should be so considered by the jury."

The judge gave the first and third instructions requested; declined to give the second; and upon this point instructed the jury that the witnesses had nothing to do with summoning and procuring witnesses, as that was the duty of the district attorney; and further instructed the jury that repeated illegal sales of intoxicating liquor by the defendant in the tenement while fitted up as a bar-room, he being the proprietor in charge thereof, are admissible as evidence in support of the complaint, if made during the time covered thereby; and that the defendant, if convicted at all, must be convicted of the same offence as that of which he was convicted in the court below, but need not be convicted on the same evidence.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. A. Milliken*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. It was within the discretion of the presiding justice of the Superior Court to give, or to refuse to give, the second instruction requested by the defendant. The defendant had not the right, as matter of law, to select the particular evidence referred to in his request, and require the court to instruct the jury that it was to be considered and weighed by them. By admitting the evidence, the court in effect ruled that it was to be considered by the jury. How far he shall state or refer to the evidence in his charge is, as a general rule, a matter within his discretion. The refusal to grant the defendant's second request, and the comments which the court made upon the respective duties of the witness and of the district attorney, were not subjects of exception. The other exceptions are waived by the defendant.       *Exceptions overruled.*